IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PARIS WILLIAMS,

        Plaintiff,

      v.

LAURA TURLIP, et al.,

        Defendants.

: Civil No. 3:26-CV-374
:
:
: (Judge Mehalchick)
:
: (Chief Magistrate Judge Bloom)
:
:
:

## REPORT AND RECOMMENDATION

### I. Factual Background

This case comes before us for a screening review of the *pro se* prisoner-plaintiff's civil complaint.[1] The plaintiff, Paris Williams, is an inmate incarcerated in the Lackawanna County Prison in Scranton, Pennsylvania. Williams filed this action against Magisterial District Judges ("MDJs") Laura Turlip and Alyce Farrell, Public Defender Bernard Brown, and Assistant District Attorney Danielle Guari. Williams' complaint arises from his ongoing criminal prosecution for aggravated assault, criminal trespass, and resisting arrest.[2] He claims

---

[1] Doc. 1.

[2] *See Commonwealth v. Williams*, No. CP-35-CR-0002108-2025. We may take judicial notice of the public docket in Williams' underlying state

MDJs Turlip and Farrell improperly denied his bail and continuously denied his submitted motions.[3]  Williams further claims Defendant Brown rendered ineffective assistance of counsel throughout the criminal matter and that MDJ Farrell and Defendant Guari improperly altered the charges brought against him.[4]  Williams asserts their conduct violates his constitutional rights pursuant to 42 U.S.C. § 1983.  As relief, Williams seeks $700,000,000 in compensatory damages.[5]

Along with the complaint, Williams filed a motion for leave to proceed *in forma pauperis*.[6] We will conditionally grant Williams' motion to proceed in forma pauperis for screening purposes only, but after a screening review, we recommend that this complaint be dismissed.

---

criminal case. *Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

[3] Doc. 1 at 4–5.

[4] *Id.* at 5–6.

[5] *Id.* at 7.

[6] Doc. 2.

## II. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*.[7] We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted.[8] This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted."[9]

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[10]   In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true,[11] and accept "all reasonable inferences that can be

---

[7] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).
[8] *Id.*
[9] Fed. R. Civ. P. 12(b)(6).
[10] Fed. R. Civ. P. 8(a)(2).
[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

drawn from them after construing them in the light most favorable to the non-movant."[12]    However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action."[13]

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*[14]

---

[12] *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

[13] *Id.; see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

[14] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record.[15]  A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[16]  Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[17]  However, the court may not rely on any other part of the record when deciding a motion to dismiss.[18]

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial

---

[15] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

[16] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[17] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

[18] *Jordan*, 20 F.3d at 1261.

justice.'"[19]  We must apply the relevant law even if the *pro se* plaintiff does not mention it by name.[20]

### B. This Complaint Fails to State a Claim Upon Which Relief May be Granted.

It is well settled that state judges are entitled to immunity from civil liability for claims arising out of acts taken in their official capacities.  As the Third Circuit has explained, "[a] judicial officer in the performance of his or her duties has absolute immunity from suit."[21] Here, Williams' complaint asserts that MDJs Turlip and Farrell improperly denied him bail and his submitted motions in the underlying criminal matter.  Thus, these allegations plainly arise out of their role in the criminal judicial process against Williams.  Accordingly, MDJs Turlip and Farrell are entitled to absolute immunity from the claims against them.

Similarly, Defendant Guari would be entitled to immunity from the claims against her arising out of her prosecution of the plaintiff's criminal

---

[19] *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)).

[20] *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

[21] *Kwasnik v. LeBlon*, 228 F. App'x 238, 243 (3d Cir. 2007) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)).

case.  It is well settled that prosecutors are entitled to absolute immunity from claims involving their activities that are "intimately associated with the judicial phase of the criminal process."[22]    Again, to the extent Williams' claims arise out of his state criminal prosecution, Defendant Guari would be entitled to immunity.

Williams also appears to assert that his public defender is providing ineffective assistance of counsel in his ongoing state criminal proceeding. Civil rights claims brought under Section 1983 require a plaintiff to show that the alleged constitutional violation "was committed by a person acting under color of state law."[23]    However, it is well settled that "a public defender performing a lawyer's traditional functions as counsel to a defendant is not acting under color of state law."[24]  Further, "ineffective assistance of appointed counsel in representing a defendant is not actionable under § 1983."[25]  Here, Williams' claims against Defendant Brown clearly arise out of his involvement in representing Williams.

---

[22] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).
[23] *Robb. V. City of Phila.*, 733 F.2d 286, 290 (3d Cir. 1984) (citation omitted).
[24] *Calhoun v. Young*, 288 F. App'x 47, 49 (3d Cir. 2008) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)).
[25] *Introcaso v. Meehan*, 338 F. App'x 139, 142 (3d Cir. 2009) (citing *Polk*, 454 U.S. at 324–25).

Accordingly, any Section 1983 claims against this defendant fail as a matter of law.

Lastly, to the extent Williams invites us to intervene in his state criminal case, which appears to be ongoing, this claim runs afoul of the *Younger* abstention doctrine and should be dismissed. As the Third Circuit has explained, "*Younger* abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding."[26] The doctrine contemplates three legal requirements that must be met before a court exercises its discretion to abstain: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."[27] Courts have frequently abstained from hearing claims that necessarily interfere with ongoing state criminal cases.[28]

---

[26] *Kendal v. Russell*, 572 F.3d 126, 130 (3d Cir. 2009) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)).

[27] *Id.* at 131 (citing *Matusow v. Trans–Cnty. Title Agency, LLC*, 545 F.3d 241, 248 (3d Cir. 2008)).

[28] *See Lui v. Comm'n on Adult Ent. Establishments*, 369 F.3d 319 (3d Cir. 2004); *Zahl v. Harper*, 282 F.3d 204 (3d Cir. 2002).

Here, Williams' claims arise out of his criminal matter that is ongoing in Lackawanna County. Thus, the requirements for *Younger* abstention—ongoing state proceedings that implicate important state interests and give the plaintiff an adequate opportunity to raise his claims—are met here. Given the paramount importance to the state of the enforcement and resolution of state criminal proceedings, we believe that we should exercise our discretion to abstain from any claims involving Williams' ongoing state criminal matters.

Thus, because we have concluded that we should abstain from considering the merits of the plaintiff's claims under *Younger*, we recommend that these claims be dismissed without prejudice. As the Third Circuit has explained:

> [W]here *Younger* abstention is appropriate, federal courts "have no occasion to address the merits" of the plaintiff's federal claims. [*Lui*, 369 F.3d at 328]. And without a merits-based decision, the dismissal of his federal case does not implicate claim preclusion or otherwise prevent Eldakroury from returning to federal court if his ongoing state prosecution concludes without a resolution of his federal claims.[29]

---

[29] *Eldakroury v. Att'y Gen. of N.J.*, 601 F. App'x 156, 158 (3d Cir. 2015); *see also Zahl v. Warhaftig*, 655 F. App'x 66, 71–72 (3d Cir. 2016).

Accordingly, we recommend these claims be dismissed without prejudice to the plaintiff re-asserting these constitutional claims at the conclusion of his state court case, should he choose to do so.

## III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be DISMISSED WITHOUT PREJUDICE to the plaintiff reasserting his claims at the conclusion of his state court proceedings.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the

record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 30th day of March 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

11