**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

PARIS WILLIAMS,

                Plaintiff,

    v.

LAURA TURLIP, et al.,

                Defendants.

CIVIL ACTION NO. 3:26-CV-00374

(MEHALCHICK, J.)

## <u>ORDER</u>

On February 17, 2026, Plaintiff Paris Williams ("Williams") filed this lawsuit against Magisterial District Judges Laura Turlip and Alyce Farrell, Public Defender Bernard Brown, and Assistant District Attorney Danielle Guari. (Doc. 1). This 42 U.S.C. § 1983 action arises from Williams's ongoing criminal prosecution in the Lackawanna County Court of Common Pleas. (Doc. 10, at 1-2, 9). On February 17, 2026, Williams also filed a motion to proceed *in forma pauperis*, which the Honorable Magistrate Judge Daryl F. Bloom conditionally granted for screening purposes on March 30, 2026.[1] (Doc. 2; Doc. 9). On March 30, 2026, Judge Bloom issued a report and recommendation (the "Report") recommending that the Court dismiss Williams's complaint without prejudice. (Doc. 10). The Report concluded that pursuant to the *Younger* abstention doctrine, the Court should abstain from considering the merits of Williams's claims which arise out of his criminal matter, while the criminal matter is ongoing in Lackawanna County. (Doc. 10, at 9-10); *Younger v. Harris*, 401 U.S. 37, 41 (1971)

---

[1] Williams filed a second motion for leave to proceed *in forma pauperis* on April 7, 2026, after Judge Bloom filed his report and recommendation. (Doc. 11). As the Court will adopt Judge Bloom's report and recommendation and dismiss Williams's complaint without prejudice, Williams's second motion for leave to proceed *in forma pauperis* is **DENIED as moot**. (Doc. 11).

(finding federal courts have discretion to abstain from exercising jurisdiction over claims that would interfere with ongoing in state court proceedings). In the Report, Judge Bloom informed Williams that he had fourteen days to file objections to the Report. (Doc. 10, at 10-11). Williams has not filed any timely objections to the Report. As such, the Court will **ADOPT** the Report. (Doc. 10).

A district court may "'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the magistrate judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in the Report and finds no clear error on

the face of the record. (Doc. 10). **NOW, THEREFORE, IT IS HEREBY ORDERED** that the Report (Doc. 10) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court. Williams's complaint (Doc. 1) is **DISMISSED without prejudice.** The Clerk of Court is directed to **CLOSE** this case.

**BY THE COURT:**

**Dated: April 21, 2026**          *s/ Karoline Mehalchick*
                                   **KAROLINE MEHALCHICK**
                                   **United States District Judge**